IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY MCNALLY                            )
                                        )
            Plaintiff,                  )
                                        )       Case No. _____
v.                                      )
                                        )       **Jury Trial Demanded**
FRANKLIN COLLECTION SERVICE, INC.       )
AND DAN FRANKLIN                        )
                                        )
            Defendants.                 )
_____ )

WEISBERG & MEYERS, LLC                  **Correspondence address**
Ronald S. Weiss (P48762)                Weisberg & Meyers, LLC
7035 Orchard Lake Road, Suite 600       5025 N. Central Ave., #602
West Bloomfield, MI 48322               Phoenix, AZ 85012
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

_____

**NATURE OF ACTION**

1.      This is an action brought under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where

the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4.     Plaintiff, Mary McNally ("Plaintiff"), is a natural person who at all relevant times resided in the State of Michigan, County of Saginaw, and City of Saginaw.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Franklin Collection Service, Inc. ("FCS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant, Dan Franklin ("Franklin") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.     Upon information and belief:

  a.  Franklin was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.;

  b.  Franklin was materially involved in the collection of Plaintiff's debt;

  c.  Franklin materially participated in Franklin Collection Service, Inc.'s debt collection activities;

  d.  Franklin was involved in the day-to-day operations of Franklin Collection Service, Inc.'s debt collection business; and,

e. Franklin exercised control over the affairs of Franklin Collection Service, Inc.'s debt collection business.

9. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

10. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

11. Franklin Collection Service, Inc. and Dan Franklin ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     In connection with collection of an alleged debt, Defendants sent Plaintiff initial written communication dated July 27, 2010 in which Defendants stated, in relevant part, as follows:

BEWARE, OUR CLIENT, PENDING NOTIFICATION, MAY AUTHORIZE A LAW FIRM TO FILE A CIVIL LAWSUIT AGAINST YOU.

ALSO, BE ADVISED TO AVOID THE POSSIBILITY OF INCURRING COURT COST, IF ALLOWED, THIS DEBT MUST BE PAID IN FULL.

THE AMOUNT OF YOUR DEBT, CLIENTS, AND CIVIL LAWS IN YOUR JURISDICTION MAY ALLOW SUIT TO BE FILED ON YOUR CASE. CALL (888)215-8961 IF YOU WANT TO KNOW IF YOU ARE GOING TO BE SUED.

ANY ATTORNEY RETAINED BY THIS FIRM WILL MEET THE REQUIRED QUALIFICATIONS TO PURSUE ALL MEANS NECESSARY TO RESOLVE THIS DEBT.

## **THIS COULD BE YOUR FINAL WRITTEN NOTICE FROM US**

16.     Said  statements  threatened  legal  action  against  Plaintiff.  However,
Defendants did not actually intend to take such action, and as such, Defendants' threats
constituted  false  and  deceptive  practices  and  further  overshadowed  the  disclosures
required by 15 USC § 1692g(a) et seq. during the thirty-day dispute period.  (15 U.S.C.
§§ 1692e(5), 1692e(10), 1692g(b)).

17.     In connection with collection of an alleged debt, Defendants sent Plaintiff
initial written communication dated July 27, 2010 in which Defendants failed to provide
Plaintiff with the notices required by 15 USC § 1692g(a) et seq. and further failed to
provide said notices within 5 days thereof.  (15 U.S.C. § 1692g(a) et seq.).

18.     In connection with collection of an alleged debt, Defendants sent Plaintiff
initial written communication dated July 27, 2010 in which Defendants included the
following sentence:

## PARA ASISTENCIA EN ESPANOL, CONTACTENOS AL 1-866-312-5180

19.     Said  statements  threatened  legal  action  against  Plaintiff.  However,
Defendants did not actually intend to take such action, and as such, Defendants' threats
constituted  false  and  deceptive  practices  and  further  overshadowed  the  disclosures
required by 15 USC § 1692g(a) et seq. during the thirty-day dispute period.  (15 U.S.C.
§§ 1692e(5), 1692e(10), 1692g(b)).

20.     Defendants'  actions  constitute  conduct  highly  offensive  to  a  reasonable

person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**
**DEFENDANT FCS**

21.   Plaintiff repeats and re-alleges each and every allegation contained above.

22.   Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated the FDCPA;

   b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEFENDANT FRANKLIN**

23.   Plaintiff repeats and re-alleges each and every allegation contained above.

24.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)  Adjudging that Defendant violated the FDCPA;

h)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25.     Plaintiff is entitled to and hereby demands a trial by jury.

This 20th day of July, 2011.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Michigan Bar No. P48762
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*